HALL, Judge.
Plaintiff, Plain Dealing Builder’s Supply, sued Equity Builders, Inc., for $532.81 allegedly due on open account for materials sold and delivered to defendant. Defendant denied the indebtedness, contending the materials were sold to one Billy Allen, with whom defendant had contracted to complete the construction of a house and for whose debts the corporation is not responsible. After trial the district court, without assigning written reasons, rendered judgment in favor of plaintiff as prayed for. Defendant appealed.
G. Ron Payne, manager of the plaintiff building supply company, testified that in November, 1973, Allen, a carpenter he had dealt with previously, came in to purchase materials for a job in Arkansas he was doing for Mrs. Herholm of Equity Builders. Allen gave Payne Mrs. Herholm’s phone number and said the material was to be charged to her. Payne testified he called the number and asked the lady who answered for Mrs. Herholm and was given another lady on the line. He talked to the second lady and told her Allen was in to buy materials and asked if it was okay to charge the items to Equity Builders and was answered in the affirmative. Thereafter, over a period of about two months, through several different purchases, materials in the amount of $532.81 were sold and were delivered at the store to Allen or his associate, Hodge. Bills were sent at the end of November, December and January to Equity Builders at the address given to Payne. Payment was not made but no objection to or inquiry concerning receipt of the bills was made. Subsequently, demand for payment was made by plaintiff’s attorney and in May, 1974, this suit was filed.
Allen testified he was a carpenter and not a licensed contractor. He was contacted by Mrs. Herholm about completing the house in Arkansas on which a previous contractor had defaulted. He looked at *612 the house and gave Mrs. Herholm an estimate. She was to pay all bills and he was to make a profit of ten percent of the total cost. Allen conceded he signed the so-called estimate which was in writing and styled “Bid for Completion”. He turned most of the actual work over to Hodge, but the house was never completed due to some problems with the septic tank and bad weather. Both Allen and Hodge testified the materials purchased from plaintiff actually went into the completion of the house.
Mrs. Herholm, President of Equity Builders, testified she entered into a turnkey contract with Allen to complete the house at the price shown on the “Bid for Completion”, and that she never agreed to pay any bills, which were his responsibility. Allen eventually defaulted on the job before completion, after she had paid him “a lot of money”. Mrs. Herholm denied she ever talked to Payne on the telephone or authorized the materials to be charged to her company. She knew nothing of the bill until plaintiff’s attorney wrote a demand letter, although she conceded the bills were probably received in her office.
Under LSA-C.C. Art. 2277, plaintiff had the burden to prove the agreement for the payment of money at least by one credible witness and other corroborating circumstances. Here, the key question is whether plaintiff proved by the testimony of the manager and other corroborating witnesses that a duly authorized officer or agent of the defendant corporation authorized the purchase of the materials for the corporation’s account.
The trial judge, while not giving written reasons, obviously believed the testimony of Payne concerning his conversation with a lady who apparently was Mrs. Herholm and who authorized charging the materials to the defendant corporation. Payne asked for Mrs. Herholm and in response a lady came on the phone and spoke with apparent authority. The evidence is clear only Mrs. Herholm had such authority and the testimony of Mrs. Herholm and the secretary-treasurer of the corporation is that no one else would have authorized the purchases.
Payne’s testimony is corroborated by that of Allen. Although Allen’s testimony is vague in some respects and not entirely consistent with that of Payne, he testified emphatically that he was not a contractor, did not contract jobs, and that Mrs. Her-holm was to pay all the bills. He gave Payne Mrs. Herholm’s name and phone number and although he did not hear the telephone conversation, he was aware that a phone call was made.
Payne’s testimony is further corroborated by the fact that several invoices, addressed to Equity Builders, were mailed to that company and although not paid, no protest or objection was made by Equity Builders for several months.
The evidence in this case is in sharp conflict on the essential factual issue. The issue was resolved in favor of plaintiff by the trial judge, who saw and heard the witnesses. Our review of the record leads this court to the same conclusion — that the charging of the materials to the defendant corporation was authorized in a telephone conversation by Mrs. Herholm or someone acting in her place with apparent authority. All of the circumstances of the case make this conclusion more probable than not.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.